UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:07CR-33-R

UNITED STATES
v.
MICHELLE A. LOVELACE and
LINDSEY L. BROOKS

# JURY INSTRUCTIONS

FILED

MAR 27 2008

JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

## INSTRUCTION NO. 1
### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the Defendants are accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendants guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2
### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendants have each pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a defendant what crime she is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against her, and the law presumes that a defendant is innocent. This presumption of innocence stays with the defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that she is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that she is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved a Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3
## Substantive Law-False Statements

The Defendants Michelle Lovelace and Lindsey Brooks are separately charged with violating Title 18, United States Code, Section 1001, which makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement to a department or agency of the United States.

For you to find a Defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

(1) that the Defendant made a false statement to investigators with the Department of Defense;

(2) that the Defendant made the statement willfully, knowing that it was false;

(3) that the statement was material; and

(4) that the statement was made in relation to a matter within the jurisdiction of the Department of Defense.

As used in this Instruction, the Department of Defense had jurisdiction if it had the power to exercise its authority in this matter.

The Department of Defense, through the Defense Criminal Investigative Service (DCIS), is a department of the United States Government. It had the power and authority to conduct an investigation concerning Sgt. Burke. You may consider all of this in determining whether the Department of Defense was acting within its jurisdiction.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the Department of Defense. It is not necessary for the government to show that the Department of Defense was in fact misled.

The word "knowingly," as that term has been used in this instruction, means that the act

was done voluntarily and intentionally and not because of mistake or accident.

## INSTRUCTION NO. 4
### Substantive Law-Aiding and Abetting

Defendant Lovelace is also charged under Title 18, United States Code, Section 2 with aiding and abetting Defendant Brooks' alleged violation of Title 18, United States Code, Section 1001, the elements of which are set forth in Instruction No. 3.

For you to find Defendant Lovelace guilty of making a false statement in violation of Title 18, United States Code, Section 1001, it is not necessary for you to find that she personally committed the crime herself. You may also find her guilty if she intentionally helped or encouraged Lindsey Brooks to commit the crime. A person who does this is called an aider and abettor.

But for you to find Defendant Lovelace guilty of making a false statement as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) that the crime of making a false statement, as described in Instruction No.3, has been committed;

(2) that Defendant Lovelace helped to commit the crime or encouraged Lindsey Brooks to commit the crime;

(3) that Defendant Lovelace intended to help commit or encourage the crime.

Proof that Defendant Lovelace may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the government has proved that she was an aider and abettor, but without more it is not enough.

What the government must prove is that Defendant Lovelace did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find Defendant Lovelace guilty of making false statements as an aider and abettor.

# INSTRUCTION NO. 5
**Inferring Required Mental State**

Next I want to say something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 6

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 7

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 8

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

You have heard the Defendants testify. You should consider these same things about credibility and believability in evaluating the Defendants' testimony.

## INSTRUCTION NO. 9
### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

# INSTRUCTION NO. 10

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 11

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

# INSTRUCTION NO. 12

If you decide that the Government has proved a Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved a Defendant's guilt beyond a reasonable doubt.

# INSTRUCTION NO. 13

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 14

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved a Defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 15

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find a Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 16

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against a Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against a Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 17

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved a Defendant guilty beyond a reasonable doubt.